UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

THOMAS CURSI,
     Plaintiff,

 -vs-                             Case No.
                                      Hon.
                                      **DEMAND FOR JURY TRIAL**

NCB MANAGEMENT SERVICES, INC.,
SHERMETA LAW GROUP, P.C.
     Defendants.

## COMPLAINT & JURY DEMAND

*Thomas Cursi states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts which give rise to the federal-law claims.

### Parties

3. The Plaintiff to this lawsuit is Thomas Cursi, who resides in Wayne County, Michigan.

4. The Defendants to this lawsuit are as follows:

    a.    NCB Management Services, Inc. ("NCB"), which is a foreign

corporation doing business in Michigan.

b.   Shermeta Law Group, P.C. ("Shermeta"), which is a professional corporation doing business in Michigan at 901 Tower Drive, Suite 400, Troy, MI 48098.

## Venue

5.   The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

6.   Venue is proper in the Eastern District of Michigan.

## General Allegations

7.   Prior to January 14, 2015, HSBC Bank Nevada, N.A. engaged NCB to collect a debt allegedly owed by Mr. Cursi.

8.   Alternatively, prior to January 14, 2015, NCB purchased a debt allegedly owed by Mr. Cursi from HSBC Bank Nevada, N.A.

9.   On or about January 14, 2015, Shermeta, on behalf of its client, NCB, filed a lawsuit against Mr. Cursi in the 41A District Court in Shelby Township, Macomb County, Michigan ("the state-court lawsuit").

10.   Mr. Cursi has never resided in Shelby Township, Michigan or anywhere else within the jurisdiction of the 41A District Court.

11.   NCB never communicated with Mr. Cursi prior to filing the complaint in the

2

state-court lawsuit.

12.   Subsequent to receiving the summons and complaint in the state-court lawsuit and prior to filing his answer, Mr. Cursi spoke with Shermeta on two separate occasions to obtain information about the alleged debt.

13.   NCB's counsel provided no substantive information to Mr. Cursi about the alleged debt, other than generally informing him about the lawsuit.

14.   Other than the allegations in the complaint filed in the state-court lawsuit, Mr. Cursi never received any written statement from NCB or Shermeta containing each of the following:

a.   the amount of the alleged debt;

b.   the name of the creditor to whom the alleged debt is owed;

c.   a statement that, unless Mr. Cursi disputed the debt within thirty days of receiving the written statement, NCB would assume the debt to be valid;

d.   a statement that, if Mr. Cursi disputed the debt in writing within thirty days of receiving the written statement, that NCB would obtain verification of the debt and mail the verification to Mr. Cursi; and

e.   a statement that, upon Mr. Cursi's written request within thirty days of receiving the written statement, NCB would provide the name of the original creditor, if different than the current creditor.

3

15. Ultimately, NCB and Mr. Cursi stipulated to dismiss the state-court lawsuit, with prejudice, and with no payment to NCB.

## COUNT I – FDCPA, 15 U.S.C. § 1692 *et seq.*

16. Mr. Cursi incorporates the preceding allegations by reference.

17. At all relevant times, NCB – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. At all relevant times, Shermeta – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. NCB is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

20. Shermeta is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

21. At all times relevant to this complaint, NCB sought to collect a "consumer" debt from Mr. Cursi.

22. NCB's and Shermeta's actions to collect the alleged debt from Mr. Cursi violated the provisions of the FDCPA including, but not limited to, the following:

    a. NCB and Shermeta failed to send any validation notice relating to the debt, in violation of 15 U.S.C. §1692g(A).

4

b.    NCB and Shermeta filed a legal action on a debt against Mr. Cursi in a venue other than one in which (A) Mr. Cursi signed the contract sued upon or which (B) Mr. Cursi resided at the commencement of the action, in violation of 15 USC § 1692i.

23.    Mr. Cursi suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code, M.C.L. 339.901 *et seq.*

24.    Mr. Cursi incorporates the preceding allegations by reference.

25.    NCB is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26.    Shermeta is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27.    Mr. Cursi is a debtor as that term is defined in M.C.L. § 339.901(f).

28.    NCB's and Shermeta's actions to collect from Mr. Cursi violated the MOC including, but not limited to, the following:

a.    Failing within five days after the initial communication with a consumer in connection with a collection of a debt to provide a notice conforming to M.C.L. § 339.918(1).

29.    Mr. Cursi suffered damages as a result of these violations of the MOC.

30.    These violations of the MOC were willful.

5

## **Demand for Jury Trial**

31.    Mr. Cursi demands trial by jury in this action.

## **Demand for Judgment for Relief**

32.    *Accordingly, Mr. Cursi requests that the Court grant:*

a.    *Actual damages, including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

b.    *Statutory damages.*

c.    *Treble damages.*

d.    *Statutory costs and attorney fees.*


Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Thomas Cursi
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: September 28, 2015